FILED



IN THE UNITED STATES DISTRICT COURT 03 MAY 21 PM 3: 27

FOR THE DISTRICT OF NEW MEXICO

CLERK ALBUQUERQUE

MITCHELL BATTROS,

    Plaintiff,

vs.

No. **CIV - 0 3 - 0 6 1 2** WDS AC

BEHAVIORAL INTERVENTIONS,
BI, INC., JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

    Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

    Defendants, Behavioral Interventions, BI, Inc., Joanne Vigil and Sherry Charest, by and through their attorneys of record, Butt Thornton & Baehr PC (Agnes Fuentevilla Padilla), petition the Court, pursuant to 28 U.S.C. §1446, for the removal of this action from the Second Judicial District Court of Bernalillo County, State of New Mexico, to the United States District Court for the District of New Mexico, on the following grounds:

    1.    Plaintiff, Mitchell Battros, filed this civil action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Copies of the Summons, Complaint, Jury Demand and Amended Complaint are attached hereto, and constitute all records on file with the County of Bernalillo, exclusive of Returns of Service.



F:\ATTORNEY\afp\00270\0314\pleading\RAP4068.DOC

2. In Plaintiff's Complaint, Plaintiff asserts several causes of action against Defendants. Plaintiff asserts that Defendants violated his rights under the Americans with Disabilities Act, and that the individual Defendants breached a duty of good faith and fair dealing. Plaintiff claims Defendants breached an implied contract of employment by terminating Plaintiff. Finally, Plaintiff claims Defendants defamed Plaintiff and invaded his privacy by revealing confidential medical and personal information.

3. Removal is proper because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343(A3), because the case raises a federal question through its assertions of alleged violations of Plaintiff's constitutional rights under 42 U.S.C. §12101, *et seq*. Further, pendant jurisdiction over Plaintiff's State law claims is available under 28 U.S.C. §1307.

4. Removal is timely because Defendant Behavioral Interventions was served with the original Complaint on April 25, 2003. Defendant Joanne Vigil was served on April 28, 2003, and Defendant Sharry Charest was served on May 7, 2003. Therefore, this Notice of Removal is filed within thirty (30) days of the Defendants' first receipt of Plaintiff's Complaint. A First Amended Complaint for Damages was filed May 9, 2003.

WHEREFORE, Defendants, Behavioral Interventions, BI, Inc., Joanne Vigil and Sharry Charest, request the Court to remove this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

BUTT THORNTON & BAEHR PC

_____
Agnes Fuentevilla Padilla
Attorneys for Defendants
P.O. Box 3170
Albuquerque, NM 87190-3170
Telephone: (505) 884-0777

I hereby certify that a true copy of
the foregoing Notice of Removal
was mailed to opposing counsel
of record:

Timothy L. White, Esq.
Madison Harbour Mroz & Brennan PA
P.O. Box 25467
Albuquerque, NM 87125-0467

this 21st day of May, 2003.

_____
Agnes Fuentevilla Padilla

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FILED
SECOND JUDICIAL DISTRICT

03 APR 29 PM 4:31

MITCHELL BATTROS,

Plaintiff,

v.

No. **CV 2003    01058**

BEHAVIORAL INTERVENTIONS,
JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

Defendants.

## SUMMONS

TO    Behavioral Interventions

Defendant(s), Greeting:

You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for the relief demanded in the Complaint.

Attorney or Attorneys for Plaintiff:     Timothy L. White, Esq.
                        Address:         Madison, Harbour, Mroz & Brennan, P.A.
                                         P.O. Box 25467
                                         Albuquerque, NM 87125
                                         (505) 242-2177

WITNESS the Honorable _____, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this _____ day of _____.

CLERK OF THE DISTRICT COURT

By: _____
        Deputy

NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time.

It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

03 APR 30 PH 4: 29

MITCHELL BATTROS,

    Plaintiff,

v.

No. CV 2003 01058

BEHAVIORAL INTERVENTIONS,
JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

    Defendants.

## SUMMONS

**TO**    Joanne Vigil

Defendant(s). Greeting:

    You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons. and file the same. all as provided by law.

    You are notified that. unless you so serve and file a responsive pleading or motion. the Plaintiff(s) will apply to the Court for the relief demanded in the Complaint.

Attorney or Attorneys for Plaintiff:    Timothy L. White, Esq.
    Address:    Madison, Harbour, Mroz & Brennan, P.A.
        P.O. Box 25467
        Albuquerque, NM 87125
        (505) 242-2177

    WITNESS the Honorable _____, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this _____ day of ~~FEB 1 1 2003~~

CLERK OF THE DISTRICT COURT

By: _____
    Deputy

NOTE: This summons does not require you to see. telephone or write to the District Judge of the Court at this time.
    It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this. the party suing may get a Judgment by default against you.

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FILED
SECOND JUDICIAL DISTRICT
03 MAY 13 PM 3:53

MITCHELL BATTROS,

        Plaintiff,

v.                                                                          No. CV 2003 01058

BEHAVIORAL INTERVENTIONS,
JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

        Defendants.

## SUMMONS

**TO**    Sharry Charest

Defendant(s), Greeting:

You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for the relief demanded in the Complaint.

Attorney or Attorneys for Plaintiff:    Timothy L. White, Esq.
        Address:    Madison, Harbour, Mroz & Brennan, P.A.
        P.O. Box 25467
        Albuquerque, NM 87125
        (505) 242-2177

WITNESS the Honorable _____, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this _____ day of
FEB 1 1 2003 .

CLERK OF THE DISTRICT COURT

By: _____
        Deputy

NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MITCHELL BATTROS,

        Plaintiff,

v.

No: CV 2003 01058

BEHAVIORAL INTERVENTIONS,
JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

        Defendants.

## COMPLAINT FOR DAMAGES

Mitchell Battros, by and through his attorneys, Madison, Harbour, Mroz & Brennan, P.A., (Timothy L. White) for his complaint states:

1. Plaintiff, Mitchell Battros is a resident of Bernalillo County, New Mexico.

2. Upon information and belief, defendant Behavioral Interventions ("BI") is a foreign corporation authorized to do business and doing business in New Mexico.

3. Upon information and belief, defendant Joanne Vigil is a resident of Bernalillo County, New Mexico.

4. Upon information and belief, defendant Sharry Charest is a resident of Bernalillo County, New Mexico.

5. Plaintiff Mitchell Battros was an employee of BI on or about October 17, 2002. He was directed by Joanne Vigil to submit to a urinalysis as part of BI's hiring procedures. Mitchell Battros submitted to the urinalysis on that date on the premises of Labcorp Laboratories in Albuquerque, New Mexico. At the time of the urinalysis, Mr. Battros offered to inform the Labcorp technician and manager of the Labcorp Albuquerque location of certain prescription

medications he was taking. The Labcorp technician stated that it was against company policy to request or record any prescriptions a person may be on for reasons of anonymity.

6. On October 21, 2002, Mitchell Battros began working at BI, working throughout that week until the following Wednesday. On that Wednesday, Mitchell Battros was called into the office by Joanne Vigil, who informed him that his urinalysis had come up positive. Mr. Battros confirmed that he knew that it would and told her that he had not had the opportunity to inform anyone about his prescription medications. Mr. Battros asked Ms. Vigil if she would like him to bring in those medications. She responded by saying, "Bring them in with you tomorrow and we will speak with Sharry Charest, head of Human Resources, regarding this issue". Mr. Battros agreed to meet with her the following day.

7. Mr. Battros continued on to a scheduled group therapy session he was to conduct with clients of BI. Shortly after the group therapy session started, Ms. Vigil pulled him out of the group in an unprofessional and embarrassing manner stating that he had to leave right now. He left as he was told and returned the next morning to meet with Ms. Vigil and Ms. Charest as he had been previously instructed.

8. On the following day, Mr. Battros met with Ms. Vigil and Ms. Charest. Mr. Battros brought the prescription medications he had discussed with Ms. Vigil the day before. He began to show these prescriptions to Ms. Charest when she stopped him and said she was not interested in seeing them. She asked if he had received his last check. Mr. Battros was puzzled by this statement and asked, "What do you mean?" She said, "You have been terminated". Mr. Battros protested that he had not had the opportunity to show his medications to anyone at BI or the urinalysis laboratory.

COMPLAINT - Page 2

9. Ms. Charest was not interested in Mr. Battros' explanation. He reminded her at that time that she might be violating the Americans with Disabilities Act and that she was certainly acting in an unprofessional manner and in a manner contrary to BI's mission and value statement. Ms. Charest asked Mr. Battros to leave. He was given no opportunity to explain the positive urinalysis result which was due to his prescription medication.

10. Subsequent to his termination, unknown persons at BI spread the rumor that Mr. Battros was terminated for drug use.

## COUNT I - Americans with Disabilities Act

11. Plaintiff incorporates by reference the allegations of paragraphs 1 - 10 above.

12. BI's conduct as described above violates the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. Plaintiff's disability required the prescription medications referenced above. BI's terminating Mr. Battros for taking those prescriptions discriminates against him as a qualified individual with a disability because of that disability and the corrective measures he must take because of that disability.

## COUNT II - Negligence

13. Plaintiff incorporates by reference the allegations of paragraphs 1 - 12 above.

14. Defendants owed a duty of good faith and fair dealing and a duty of honesty and common courtesy to permit Mr. Battros the opportunity to explain the reason for the positive urinalysis. Defendants willfully and/or negligently breached that duty by terminating him without permitting him the opportunity to explain the positive urinalysis result. Defendants' breach of this duty has caused Mr. Battros damages in past and future lost wages and damage to his professional reputation.

COMPLAINT - Page 3

## COUNT III - Breach of contract.

15. Plaintiff incorporates by reference the allegations of paragraphs 1 - 14 above.

16. On information and belief, BI's personnel policies and past practices give rise to an implied contract which was breached by plaintiff's termination and defendants' refusal to permit him the opportunity to explain the results of the urinalysis. Plaintiff has been damaged in the form of past and future lost wages and other benefits associated with his employment with BI.

## COUNT IV - Breach of the Duty of Good Faith and Fair Dealing

17. Plaintiff incorporates by reference the allegations of paragraphs 1-16 above.

18. Defendants owed plaintiff a duty of good faith and fair dealing in his employment relationship and/or implied contract resulting from his employment with BI. Defendants breached that duty by terminating him without giving him the opportunity to show the reason for the positive urinalysis. Plaintiff has been damaged in the form of lost future and past wages and other benefits associated with his employment at BI.

## COUNT V - Defamation

19. Plaintiff incorporates by reference the allegations of paragraphs 1 - 18 above.

20. Defendants have published defamatory communications in the form of gossip and innuendo communicated to third persons that Mr. Battros was terminated for drug use, causing him injury in his professional reputation and other compensatory damages associated with his loss of professional standing because of the termination and the false allegations of drug use.

21. As a proximate result of defendants' negligent and/or intentional and willful conduct, plaintiff has sustained compensatory damages in an amount to be determined at trial.

COMPLAINT - Page 4

22.     As a proximate result of defendants' negligent and/or intentional and willful conduct, which was reckless, careless and committed in willful and wanton disregard of plaintiff's rights, plaintiff is entitled to punitive damages.

### COUNT VI - Invasion of Privacy

23.     Plaintiff incorporates by reference the allegations of paragraphs 1-22 above.

24.     Defendants have publicized gossip and rumor that Mr. Battros was terminated for drug use, exposing to the public or other third parties, confidential medical and personnel information, causing damages in the form of lost past and future wages and other compensatory damages.

For the reasons stated, Mitchell Battros requests compensatory damages and punitive damages against the defendants in an amount to be fixed by the trier of fact to be just and reasonable, for court costs and expenses, for attorney's fees and for all other appropriate relief.

~~JURY DEMAND~~

~~Plaintiff hereby requests a jury to determine all issues in this case, subject to jury determination.~~    DT

                    MADISON, HARBOUR, MROZ & BRENNAN, P.A.

                    By _____
                    pr:  Timothy L. White
                         P.O. Box 25467
                         Albuquerque, New Mexico 87125-5467
                         Telephone: 505 242-2177
                         Facsimile: 505 242-7184

                    Attorneys for Plaintiff

F:\DATA\0204\03001\PLG\TLW Complaint.wpd

**COMPLAINT - Page 5**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FILED
SECOND JUDICIAL DISTRICT

03 FEB 12 PM 4:19

MITCHELL BATTROS,

       Plaintiff,

v.                                         No. CV 2003 01058

BEHAVIORAL INTERVENTIONS,
JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

       Defendants.

## JURY DEMAND

COMES NOW the plaintiff, by and through his attorneys, Madison, Harbour, Mroz, & Brennan, P.A., and hereby demand a trial by a jury of twelve (12) persons on all matters in controversy in the above-captioned cause. Payment in the amount of $200.00 is remitted.

                     MADISON, HARBOUR, MROZ & BRENNAN, P.A.

                     By _____
                     Timothy L. White
                     P.O. Box 25467
                     Albuquerque, New Mexico 87125-5467
                     Telephone: 505 242-2177
                     Facsimile: 505 242-7184

                     Attorneys for Plaintiff

F:\DATA\02047\03001\PLG\TLW Jury demand.wpd

**ENDORSED**
FILED IN MY OFFICE THIS

MAY 0 9 2003

CLERK DISTRICT COURT

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MITCHELL BATTROS,

    Plaintiff,

v.                                                                  No. CV 2003-01058

BEHAVIORAL INTERVENTIONS,
BI, INC. JOANNE VIGIL, individually and as an
employee of Behavioral Interventions, and
SHARRY CHAREST, individually and as an
employee of Behavioral Interventions,

    Defendants.

### FIRST AMENDED COMPLAINT FOR DAMAGES

    Mitchell Battros, by and through his attorneys, Madison, Harbour, Mroz & Brennan, P.A., (Timothy L. White) for his first amended complaint states:

    1.    Plaintiff, Mitchell Battros is a resident of Bernalillo County, New Mexico.

    2.    Upon information and belief, defendants Behavioral Interventions ("BI") and/or BI, Inc, are foreign corporations authorized to do business and doing business in New Mexico.

    3.    Upon information and belief, defendant Joanne Vigil is a resident of Bernalillo County, New Mexico.

    4.    Upon information and belief, defendant Sharry Charest is a resident of Bernalillo County, New Mexico.

    5.    Plaintiff Mitchell Battros was an employee of BI or BI, Inc. on or about October 17, 2002. He was directed by Joanne Vigil to submit to a urinalysis as part of defendants' hiring procedures. Mitchell Battros submitted to the urinalysis on that date on the premises of Labcorp Laboratories in Albuquerque, New Mexico. At the time of the urinalysis, Mr. Battros offered to inform the Labcorp technician and manager of the Labcorp Albuquerque location of certain

prescription medications he was taking. The Labcorp technician stated that it was against company policy to request or record any prescriptions a person may be on for reasons of anonymity.

6.  On October 21, 2002, Mitchell Battros began working for defendants, working throughout that week until the following Wednesday. On that Wednesday, Mitchell Battros was called into the office by Joanne Vigil, who informed him that his urinalysis had come up positive. Mr. Battros confirmed that he knew that it would and told her that he had not had the opportunity to inform anyone about his prescription medications. Mr. Battros asked Ms. Vigil if she would like him to bring in those medications. She responded by saying, "Bring them in with you tomorrow and we will speak with Sharry Charest, head of Human Resources, regarding this issue". Mr. Battros agreed to meet with her the following day.

7.  Mr. Battros continued on to a scheduled group therapy session he was to conduct with clients of BI. Shortly after the group therapy session started, Ms. Vigil pulled him out of the group in an unprofessional and embarrassing manner stating that he had to leave right now. He left as he was told and returned the next morning to meet with Ms. Vigil and Ms. Charest as he had been previously instructed.

8.  On the following day, Mr. Battros met with Ms. Vigil and Ms. Charest. Mr. Battros brought the prescription medications he had discussed with Ms. Vigil the day before. He began to show these prescriptions to Ms. Charest when she stopped him and said she was not interested in seeing them. She asked if he had received his last check. Mr. Battros was puzzled by this statement and asked, "What do you mean?" She said, "You have been terminated". Mr. Battros protested that he had not had the opportunity to show his medications to anyone at the

COMPLAINT - Page 2

defendants' or the urinalysis laboratory.

9. Ms. Charest was not interested in Mr. Battros' explanation. He reminded her at that time that she might be violating the Americans with Disabilities Act and that she was certainly acting in an unprofessional manner and in a manner contrary to BI's mission and value statement. Ms. Charest asked Mr. Battros to leave. He was given no opportunity to explain the positive urinalysis result which was due to his prescription medication.

10. Subsequent to his termination, unknown persons at BI spread the rumor that Mr. Battros was terminated for drug use.

### COUNT I - Americans with Disabilities Act

11. Plaintiff incorporates by reference the allegations of paragraphs 1 - 10 above.

12. Defendants' conduct as described above violates the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. Plaintiff's disability required the prescription medications referenced above. Defendants' terminating Mr. Battros for taking those prescriptions discriminates against him as a qualified individual with a disability because of that disability and the corrective measures he must take because of that disability.

### COUNT II - Negligence

13. Plaintiff incorporates by reference the allegations of paragraphs 1 - 12 above.

14. Defendants owed a duty of good faith and fair dealing and a duty of honesty and common courtesy to permit Mr. Battros the opportunity to explain the reason for the positive urinalysis. Defendants willfully and/or negligently breached that duty by terminating him without permitting him the opportunity to explain the positive urinalysis result. Defendants' breach of this duty has caused Mr. Battros damages in past and future lost wages and damage to

**COMPLAINT - Page 3**

his professional reputation.

## COUNT III - Breach of contract

15. Plaintiff incorporates by reference the allegations of paragraphs 1 - 14 above.

16. On information and belief, Defendants' personnel policies and past practices give rise to an implied contract which was breached by plaintiff's termination and defendants' refusal to permit him the opportunity to explain the results of the urinalysis. Plaintiff has been damaged in the form of past and future lost wages and other benefits associated with his employment with defendants.

## COUNT IV - Breach of the Duty of Good Faith and Fair Dealing

17. Plaintiff incorporates by reference the allegations of paragraphs 1-16 above.

18. Defendants owed plaintiff a duty of good faith and fair dealing in his employment relationship and/or implied contract resulting from his employment with defendants. Defendants breached that duty by terminating him without giving him the opportunity to show the reason for the positive urinalysis. Plaintiff has been damaged in the form of lost future and past wages and other benefits associated with his employment with defendants.

## COUNT V - Defamation

19. Plaintiff incorporates by reference the allegations of paragraphs 1 - 18 above.

20. Defendants have published defamatory communications in the form of gossip and innuendo communicated to third persons that Mr. Barros was terminated for drug use, causing him injury in his professional reputation and other compensatory damages associated with his loss of professional standing because of the termination and the false allegations of drug use.

21. As a proximate result of defendants' negligent and/or intentional and willful

COMPLAINT - Page 4

conduct, plaintiff has sustained compensatory damages in an amount to be determined at trial.

22. As a proximate result of defendants' negligent and/or intentional and willful conduct, which was reckless, careless and committed in willful and wanton disregard of plaintiff's rights, plaintiff is entitled to punitive damages.

### COUNT VI - Invasion of Privacy

23. Plaintiff incorporates by reference the allegations of paragraphs 1-22 above.

24. Defendants have publicized gossip and rumor that Mr. Battros was terminated for drug use, exposing to the public or other third parties, confidential medical and personnel information, causing damages in the form of lost past and future wages and other compensatory damages.

For the reasons stated, Mitchell Battros requests compensatory damages and punitive damages against the defendants in an amount to be fixed by the trier of fact to be just and reasonable, for court costs and expenses, for attorney's fees and for all other appropriate relief.

~~JURY DEMAND~~

~~Plaintiff hereby requests a jury to determine all issues in this case, subject to jury determination.~~

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

By _____
Timothy L. White
P.O. Box 25467
Albuquerque, New Mexico 87125-5467
Telephone: 505 242-2177
Facsimile: 505 242-7184

Attorneys for Plaintiff

**COMPLAINT - Page 5**